JUN 9 '25 PM 4:49
RCV'D - USDC FLO SC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ESHAWN K. SCIPIO<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES DEPARTMENT OF THE TREASURY; Scott Bessent, Secretary of the Treasury, in his Individual and official capacities; THE UNITED STATES INTERNAL REVENUE SERVICE; Danny Werfel, Commissioner of Internal Revenue Service, his individual and official capacities; THE PENNSYLVANIA DEPARTMENT OF REVENUE; Pat Browne, Secretary of Revenue, in his official and individual capacities; PENNSYLVANIA STATE LOTTERY, Drew Svitko, Executive Director, in his individual and official capacities.<br><br>Defendants. | Civil Action No.:<br><br><br>**COMPLAINT**<br><br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

The Plaintiff Eshawn K. Scipio, (collectively hereinafter referred to as "Plaintiff E. Scipio");

brings forth this civil action pursuant to *18 U.S.C.S. § 1905; 26 U.S.C.S §*

*6103(a)(1)(2)(3)(2)(A)(3)(5)(A)(B)(6)(7)(8)(9); 26 U.S.C.S § 7431(a)(1)(2)(c)(1)(B)(i)(ii)(d); 26*

*U.S.C.S. § 7434(a)(b)(1)(2)(c)(2); 28 U.S.C.S. § 1341; 42 U.S.C.S. § 1983; 42 U.S.C.S. § 1985(3);*

*USCS Const. Amend. 4; USCS Const. Amend. 14; USCS Fed Rules Civ Proc R 5.2; Pa. Const. Art.*

*I, § 11; Pa. Const. Art. I, § 26; Pa. Const. Art. I, § 28; Pa. Const. Art. I, § 29.*

1

## JURISDICTION AND VENUE

1.    This Civil Action Complaint seeks remedies pursuant under the color of the law, as upheld within Federal Statutes, Federal Codes, Tax Statutes, Tax Codes, Civil Rights, Federal Constitutional Laws and State Constitutional Laws; as same herein, and as listed above.

2.    With consideration, pursuant to *S.C. Const. Ann. Art. I, § 3;* upheld under the Constitutional Laws of the State of South Carolina.

3.    A person suffering any legal wrong because of an agency action or has been adversely affected or aggrieved by an agency action within the meaning of a relevant statute, is entitled to judicial review thereof. See, *5 U.S.C.S. § 702.*

4.    Jurisdiction is proper pursuant to *28 U.S.C.S. § 1331, 28 U.S.C.S. § 1367(a); 28 U.S.C.S. § 1343(a)(1)(2)(3)(4)(b)(1)(2).* Courts in this District have previously noted that *§1343* is a more specific subset of the federal question jurisdiction set out in *§1331*. See, <u>Avelo Mortg., LLC v. Brissett</u>, No. 1:08-CV-2227-RWS, 2008 U.S. Dist. LEXIS 67002 (N.D. Ga. Aug. 18, 2008). *Section 1343* serves as the jurisdictional basis for claims of civil rights violations under 42 U.S.C. §§ 1983 and 1985. See, <u>Prop. Servs. of Atlanta v. Thomas</u>, No. 1:19-cv-0030-AT, 2019 U.S. Dist. LEXIS 231382 (N.D. Ga. Jan. 7, 2019). Under *§ 1367*, any civil action of which the district courts have *original jurisdiction*, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. See, <u>Orei Garden Walk Prop. Owner LLC v. Battle</u>, No. 1:25-CV-02351-JPB, 2025 U.S. Dist. LEXIS 83174 (N.D. Ga. Apr. 30, 2025).

5.    Venue is proper pursuant to *28 U.S.C.S. § 1391(b)(e)(1)(2)* and within jurisdiction of the Florence, Division 4, United States District Court of South Carolina. It is by documentation, information, and belief; that one or more of the occurrences within this complaint was at the

2

hands of the Defendants named above, its agents, or employees, under APA Laws, State Lottery Practices and IRS reporting. Thus, occurring within the proximity of this Honorable South Carolina District Court.

6.    Amount in controversy may exceed the sum of seventy-five thousand ($75,000) dollars pursuant to *28 U.S.C.S. § 1335(a)(1)*. The claims made by the Plaintiff E. Scipio and Defendants named above; has occurred within the jurisdiction of the Florence Division of the United States District Court for the State of South Carolina.

7.    The District Court of the United States in the district in which the affected applicant or participant resides, in which such unauthorized action occurred, or in which the applicant or participant alleged to be responsible for any such unauthorized action resides, shall have jurisdiction in such matters.

8.    As the Court of Federal Claims is not a district court, it cannot hear Plaintiff's Civil Rights Act Claims. See, <u>Ledford v. United States</u>, 297 F.3d 1378 (Fed. Cir. 2002).

9.    The Plaintiff E. Scipio claims are not a sufficient basis for jurisdiction of the Court of Federal Claims because the Plaintiff E. Scipio claims does not mandate payment of money by the government. See, <u>Smith v. United States</u>, 709 F.3d 1114 (Fed. Cir. 2013).

10.    *Section 1658* provides a statute of limitations for civil actions arising under an Act of Congress. See, *28 U.S.C. § 1658*.

11.    As such, none of these provisions confer jurisdiction on Federal Claims Court. See, <u>Ajamian v. United States</u>, 623 F. App'x 1018 (Fed. Cir. 2015).

12.    *Section 1331*, therefore does not confer on the Court of Federal Claims jurisdiction. See, <u>Johnson v. United States</u>, 411 F. App'x 303 (Fed. Cir. 2010).

**PARTIES**

3

## PLAINTIFF

13.   The Plaintiff Eshawn Jessica Scipio, (collectively hereinafter referred to as "Plaintiff E. Scipio"), at all times relevant to this complaint; the Plaintiff E. Scipio is a resident of Darlington, South Carolina, located within the county of Darlington.

14.   The Plaintiff E. Scipio is a resident of the State of South Carolina.

15.   The Plaintiff E. Scipio is a citizen of the United States.

16.   Pursuant to *27 FR 11527* the Plaintiff E. Scipio, states the following:

   a.   The Plaintiff E. Scipio is of a protected class of the minority of African Americans.

   b.   The first element of a prima facie case of discrimination is that the plaintiff is a member of a protected class. The final element, in a general sense, is that the plaintiff is treated differently than others who do not belong to the plaintiff's protected class. "African American" is a protected class both for race discrimination and national-origin discrimination.

   c.   The Plaintiff E. Scipio is of a protected class of low-income familia status. The Supreme Court has acknowledged the standing of low-income, minority-group plaintiffs as well. See, Ross v. Rhodes Furniture, 146 F.3d 1286; Jaimes v. Toledo Metropolitan Housing Authority, 432 F. Supp. 25.

   d.   The Plaintiff E. Scipio is a United States Taxpayer

   e.   The Plaintiff E. Scipio has an IRS Tax Account.

   f.   The Plaintiff E. Scipio has a right to access all information related to Form W-2G records and information maintained and reported by the PA State Lottery, the PA Department of Revenue, as well as the United States Internal Revenue Service.

4

## DEFENDANTS

17.   The Defendant the United States Department of the Treasury, (hereinafter referred to as "Defendant U.S. Treasury"); is a United States governmental agency, headquartered in Washington, D.C. The Defendant U.S. Treasury is being sued; for acts committed under the color of federal law; with the authority under the Secretary of the Treasury, Defendant Scott Bessent, (hereinafter referred to as "Defendant Bessent"); who is being sued, in his individual and official capacity; for same acts committed under the color of federal law; with the authority of the Secretary of the Treasury.

18.   The Defendant the United States Internal Revenue Service, (hereinafter referred to as "Defendant U.S. IRS"); is a United States governmental agency, headquartered in Washington, D.C. The Defendant U.S. IRS is being sued; for acts committed under the color of federal law; with the authority under the Commissioner of Internal Revenue Service, Defendant Danny Werfel, (hereinafter referred to as "Defendant Werfel"); who is being sued, in his individual and official capacity; for same acts committed under the color of federal law; with the authority of the Commissioner of Internal Revenue Service.

19.   The Defendant the Pennsylvania Department of Revenue, (hereinafter referred to as "Defendant PA Dept of Revenue"); is a Pennsylvania State governmental agency, headquartered in Pennsylvania, PA. The Defendant PA Dept of Revenue is being sued; for acts committed under the color of federal law; with the authority under the Secretary of Revenue, Defendant Pat Browne, (hereinafter referred to as "Defendant Browne"); who is being sued, in his individual and official capacity; for same acts committed under the color of federal law; with the authority of the Secretary of Revenue.

5

20.    The Defendant the Pennsylvania State Lottery, (hereinafter referred to as "Defendant PA State Lottery"); is a Pennsylvania State Lottery agency, headquartered in Pennsylvania, PA. The Defendant PA State Lottery is being sued; for acts committed under the color of federal law; with the authority under the Executive Director, Defendant Drew Svitko, (hereinafter referred to as "Defendant Svitko"); who is being sued, in his individual and official capacity; for same acts committed under the color of federal law; with the authority of the Executive Director.

## FACTS

21.    On July 22, 2024, Michael Warner Battle, current SC Bar licensed attorney, filed a Motion for Summary Judgment in civil action number 4:23-cv-01223-JD-TER, ECF No. 88. Attached to ECF No. 88, the Defendants Motion for Summary Judgment was the Plaintiff E. Scipio, and her minor's Full Name, SSN, and DOB, fully unredacted and exposed in ECF No. 88-3, Pg. 13, the Plaintiff E. Scipio HHA Lease. Also, ECF 88, has the Plaintiff E. Scipio's HHA Section 8, Application, that was filed by Michael Warner Battle, current SC Bar Licensed Attorney, also unredacted, exposing the Plaintiff E. Scipio and her minor's Full Name, SSN, and DOB.

22.    On May 12, 2025, the Defendant U.S. IRS alleges the Defendant PA State Lottery and Defendant PA Dept of Revenue; reported Copy A, FORM W-2G Certain Gambling Winnings for Eshawn Scipio for the 2024 Tax Year. The FORM W-2G Certain Gambling Winnings, has the Payers as PENNSYLVANIA STATE LOTTERY DEPARTMENT OF REVENUE COMMONWEALTH OF PENNSYLVANIA PA 17057, and the Payers TIN as XXXXX5066; box 1, reportable winnings as $3,799.00; box 2, date won as 08-26-2024; box 3, type of wager as State lottery; box 4, Federal income tax withheld as $0.00; box 7, Winnings from identical wagers as $0.00; box 9, WINNER'S TIN as XXX-XX-4056. The FORM W-2G Certain

6

Gambling Winnings has the WINNER'S name as ESHAWN SCIPIO, with a street address of 2759 WELLING FARM RD, DARLINGTON, PA 29532-0000. Form W-2G is a form also under Defendant U.S. Treasury.

23.     On May 31, 2025, the USPS reported in Informed Delivery that the Defendant U.S. Treasury was sending mail to 3645 Middle Branch Rd, Darlington, SC 29532; for Taxpayer and resident James Tucker. The USPS Darlington, SC; Supervisor Nicole and USPS worker confirmed it was a U.S. Treasury check from the Defendant U.S. Treasury and from Defendant U.S. IRS by calling the USPS Carrier on Route 4 for Darlington, SC. The USPS Darlington, SC Supervisor Nicole and USPS worker told the Plaintiff E. Scipio, the letter and check will be returned to the USPS Darlington, SC, and the Plaintiff E. Scipio can retrieve the Defendant U.S. Treasury and Defendant U.S. IRS check for James Tucker (The Plaintiff E. Scipio, Brother) on Monday, June 2, 2025.

24.     On May 31, 2025, James Tucker advised the Plaintiff E. Scipio that he did not file taxes. James Tucker, also advised the Plaintiff E. Scipio that no checks nor letters, should not and cannot be incoming from Defendant U.S. Treasury and Defendant U.S. IRS, on Saturday, May 31, 2025.

25.     On June 2, 2025, the Plaintiff E. Scipio as advised by Darlington, SC, USPS Supervisor Nicole went to the Darlington, SC, USPS to retrieve the mail. The Plaintiff E. Scipio was denied the mail by Darlington, SC, USPS Supervisor Nicole. As she stated on audio recording on June 2, 2025; the Plaintiff E. Scipio will not get the "Check". Darlington, SC, USPS Supervisor Nicole, refused to give the Plaintiff E. Scipio the "Check" and called the Darlington City Police Department. Upon the arrival of the Darlington City Police Department, the Darlington, SC, USPS Supervisor Nicole returned with a different letter from Defendant U.S.

7

Treasury with James Tucker and gave it to the Plaintiff E. Scipio. As James Tucker was still on the phone on FaceTime, he advised the Plaintiff E. Scipio to open the correspondence from Defendant U.S. Treasury. James Tucker advised how can the letter received on June 2, 2025, that was scheduled for delivery on Saturday, May 31, 2025, have a letter date of June 2, 2025. As even the DCSO investigator stated that was very impossible.

26.    On June 2, 2025, the Plaintiff E. Scipio went to file a police report with the Darlington County Sheriff's Office; due to the audio recordings, the USPS Informed Delivery for May 30, 2025, and the irrelevant letter given to the Plaintiff E. Scipio from Darlington, SC, USPS Supervisor Nicole. As confirmed by law enforcement the Defendant U.S. Treasury letter given to the Plaintiff E. Scipio, was not the same letter pictured by the USPS Informed Delivery on May 31, 2025, the U.S. Treasury Check for James Tucker.

27.    On June 2, 2025, the Plaintiff E. Scipio and James Tucker placed a conference call to Defendant U.S. IRS. The Defendant U.S. IRS informed James Tucker that there were no 2024, 2023, or 2022; taxes filed, and no Defendant U.S. Treasury check should have been issued. The Defendant U.S. IRS advised that the letter given to the Plaintiff E. Scipio was posted to James Tucker's account on June 2, 2025. Which contradicts the USPS Informed Delivery captured picture of a U.S. Treasury check envelope, and also contradicts the Darlington, SC, USPS Supervisor Nicole, USPS worker, and Carrier for Route 4, Darlington, SC; as "everyone was on audio recording" on Saturday, May 30, 2025; and clearly has confirmed the Defendant U.S. Treasury has in fact sent a check to James Tucker at residence 3645 Middle Branch Rd, Darlington, SC, 29532. It was impossible for James Tucker to have received the letter on the same day it posted to the Defendant U.S. IRS system and James Tucker Tax Account; without

8

being mailed out by Defendant U.S. IRS and proper mailing through Columbia, SC, to be captured by the USPS Informed Delivery.

28.     On June 2, 2025, the Defendant U.S. IRS advised the Plaintiff E. Scipio her 2024 taxes are still on hold and is being reviewed. The Plaintiff E. Scipio was then made aware of Form W-2G, as she had no knowledge of such form nor winnings.

29.     On June 2, 2025, the Plaintiff E. Scipio, accessed the Defendant PA State Lottery to simply get a copy of the Plaintiff E. Scipio's W-2G, as reported to Defendant U.S. IRS for tax year 2024. The link then forwarded the Plaintiff E. Scipio to Defendant PA Dept of Revenue for simple Form W-2G download. However, the Plaintiff E. Scipio nor Form W-2G was not located nor found in the Defendant PA Dept of Revenue recording and reporting system.

30.     On June 3, 2025, the Plaintiff E. Scipio, called the Defendant PA State Lottery to simply get a copy of the Plaintiff E. Scipio's W-2G. After multiple search attempts, could not locate the Plaintiff E. Scipio nor Form W-2G in the Defendant's PA State Lottery system. The Plaintiff E. Scipio was advised to send a copy of her 2024 Tax Account from Defendant U.S. IRS showing the Form W-2G as well as the Form W-2G.

31.     On June 3, 2025, the Plaintiff E. Scipio, called the Defendant PA Dept of Revenue, personal income tax unit. The Defendant PA Dept of Revenue after multiple search attempts, could not locate the Plaintiff E. Scipio nor Form W-2G in the Defendant's PA Dept of Revenue system. The Plaintiff E. Scipio was transferred within the Defendant's PA Dept of Revenue to the Personal Tax Fraud Analysis unit; the Plaintiff E. Scipio nor Form W-2G, was located.

32.     On June 3, 2025, the Plaintiff E. Scipio called Defendant U.S. IRS and was informed that the Defendant PA State Lottery and Defendant PA Dept of Revenue reported Form W-2G on May 12, 2025. The Plaintiff E. Scipio immediately advised the Defendant U.S. IRS that the

Plaintiff E. Scipio and Form W-2G was not found nor located in the Defendant PA State Lottery and Defendant PA Dept of Revenue recording and reporting systems. The Defendant U.S. IRS disconnected the call.

33.     On June 3, 2025, the Plaintiff E. Scipio received a call from Defendant PA State Lottery Claims Dept and was informed that Form W-2G is from the Defendant PA State iLottery/eLottery. The Plaintiff E. Scipio was transferred to an agent from the Defendant PA State iLottery/eLottery, as the Plaintiff E. Scipio was transferred, the Plaintiff E. Scipio was currently in an investigation room at the Darlington County Sherriff's Office speaking with an investigator. The Defendant PA State iLottery/eLottery stated a fraudulent account was found with the name ESHAWN SCIPIO and under the Plaintiff's E. Scipio social security number. The Defendant PA State iLottery/eLottery stated that a transaction in the amount of $3,799.00 was paid to a fraudulent PayPal account; pinged by an IP address at a Brightside Academy, located in Pittsburg, PA. The Defendant PA State iLottery/eLottery stated that the Plaintiff E. Scipio won PA State Lottery game "Premiere Jackpot" on August 26, 2024.

34.     On June 3, 2025, the Defendant PA State iLottery/eLottery could not explain why the Plaintiff E. Scipio was not in their system. The Defendant PA State iLottery/eLottery could not explain why the Plaintiff E. Scipio nor Form W-2G could not be located nor found in Defendant PA Dept of Revenue nor the Defendant Form W-2G. The Defendant PA State iLottery/eLottery could not explain why the Plaintiff E. Scipio was not located within the list of PA State iLottery/eLottery winners as everyone else, who has won in August of 2024.

35.     On June 3, 2025, after hearing the Defendant PA State iLottery/eLottery, the DCSO investigator, with the Darlington County Sheriff's Office; immediately filed a police report for identity theft. However, even the Defendant PA State iLottery/eLottery cannot explain how

the Plaintiff E. Scipio and the reported Form W-2G was not located in their recording and reporting systems after the Defendant PA State iLottery/eLottery has already reported Form W-2G to Defendant U.S. IRS. The Defendant PA State iLottery/eLottery could not provide a copy of Form W-2G to the Plaintiff E. Scipio as they did not have Form W-2G in their system.

36.   On June 3, 2025, the Plaintiff E. Scipio, nor Form W-2G could not be located nor found in the Defendant PA Dept of Revenue nor Defendant PA State Lottery, recording and reporting system. After the Defendant PA Dept of Revenue and Defendant PA State Lottery has allegedly reported Form W-2G to the Defendant U.S. IRS.

37.   On June 3, 2025, the Plaintiff E. Scipio was advised by the Defendant U.S. IRS that because this is not an assessment of taxes and no forms or letters were sent out; all remedies has been exhausted and a civil complaint has to be filed; as there is nothing the Defendant U.S. IRS can do, because Form W-2G was reported to the Defendant U.S. IRS, even if it was done fraudulently.

38.   On June 4, 2025, the Plaintiff E. Scipio, nor Form W-2G could not be located nor found in the Defendant PA Dept of Revenue nor Defendant PA State Lottery, recording and reporting system. After the Defendant PA Dept of Revenue and Defendant PA State Lottery has allegedly reported Form W-2G to the Defendant U.S. IRS.

39.   On June 5, 2025, the Plaintiff E. Scipio, nor Form W-2G could not be located nor found in the Defendant PA Dept of Revenue nor Defendant PA State Lottery, recording and reporting system. After the Defendant PA Dept of Revenue and Defendant PA State Lottery has allegedly reported Form W-2G to the Defendant U.S. IRS.

40.   On June 6, 2025, the Plaintiff E. Scipio, nor Form W-2G could not be located nor found in the Defendant PA Dept of Revenue nor Defendant PA State Lottery, recording and reporting

system. After the Defendant PA Dept of Revenue and Defendant PA State Lottery has allegedly reported Form W-2G to the Defendant U.S. IRS.

41.    On June 7, 2025, the Plaintiff E. Scipio, nor Form W-2G could not be located nor found in the Defendant PA Dept of Revenue nor Defendant PA State Lottery, recording and reporting system. After the Defendant PA Dept of Revenue and Defendant PA State Lottery has allegedly reported Form W-2G to the Defendant U.S. IRS.

42.    On June 8, 2025, the Plaintiff E. Scipio, nor Form W-2G could not be located nor found in the Defendant PA Dept of Revenue nor Defendant PA State Lottery, recording and reporting system. After the Defendant PA Dept of Revenue and Defendant PA State Lottery has allegedly reported Form W-2G to the Defendant U.S. IRS.

43.    On June 9, 2025, the Plaintiff E. Scipio, nor Form W-2G could not be located nor found in the Defendant PA Dept of Revenue nor Defendant PA State Lottery, recording and reporting system. After the Defendant PA Dept of Revenue and Defendant PA State Lottery has allegedly reported Form W-2G to the Defendant U.S. IRS.

44.    On June 9, 2025; as the Plaintiff E. Scipio, has exhausted all remedies afforded under her claims. The Plaintiff E. Scipio filed a civil action complaint within the United States District Court for the State of South Carolina, also on June 9, 2025.

### FIRST CAUSE OF ACTION
*18 U.S.C.S. § 1905*

45.    The Defendants named above has violated the rights of the Plaintiff E. Scipio; by the irreparable harm and injury caused by knowledge of documentation reported, the following violations under the color of law; and under same statute and color of law that provides equal protection of same laws; that's afforded to other citizens within the United States, same should

be afforded to the Plaintiff E. Scipio; in which damages are afforded, due to such heinous acts, against the Plaintiff E. Scipio.

46.     The Plaintiff E. Scipio argues the following:

47.     *18 U.S.C.S. § 1905* prohibits the disclosure of information by a federal employee only if the information is confidential, *at least* in the sense that it is the official policy of the agency in question (or is otherwise required by statute or regulation) that the information *not* be released. See, United States v. Wallington, 889 F.2d 573 (5th Cir. 1989).

48.     The Plaintiff E. Scipio and her minor's personal confidential Social Security Numbers, and DOB's, was disclosed by Micheal Warner Battle, filed on July 22, 2024; in civil action number 4:23-cv-01223-JD-TER, ECF No. 88-3, Pg. 13. For additional verification and confirmation, the Plaintiff E. Scipio, downloaded a true PACER copy of the still "unredacted copy of the Plaintiff's E. Scipio's HHA Lease"; unauthorized disclosure, on June 7, 2025.

49.     The unauthorized information was then used to access the Plaintiff's E. Scipio's 2024 U.S. IRS Tax Account. The Plaintiff's E. Scipio confidential information was then used to manipulate and falsify a fraudulent reporting of Form W-2G; from Defendant PA Dept of Revenue and Defendant PA State Lottery.

50.     The Plaintiff E. Scipio suffered a legal wrong, irreparable harm, and emotional distress, and a violation for a loss of her right pursuant to *18 U.S.C.S. § 1905*, the Plaintiff E. Scipio nor Form W-2G; could be located nor found within Defendant's PA Dept of Revenue nor Defendant PA State Lottery, nor within their recording and reporting systems. Proving unauthorized disclosure of the Plaintiff E. Scipio U.S. IRS 2024 Tax Account and return information, by the placement of a fraudulent Form W-2G, 2024 Tax Year reporting to Defendant U.S IRS. Such Form W-2G, for the Plaintiff E. Scipio is non-existent and/ or do not

exist. Verifying Form W-2G, could have not been reported to Defendant U.S. IRS has stated. Confirming Form W-2G has not been reported from Defendant PA Dept of Revenue.

51.    The disclosure of the Plaintiff E. Scipio U.S. IRS 2024 Tax Account return information was not authorized under *19 C.F.R. § 103.23(b)* because the disclosure of the Plaintiff's E. Scipio U.S. IRS 2024 Tax Account return information; has violated a statute such as the Privacy Act, *5 U.S.C. 552a, 18 U.S.C. 1905*, the income tax laws, *26 U.S.C. 6103*, and a rule of procedure, citing *USCS Fed Rules Civ Proc R 5.2*. Also, see, <u>Buergofol GmbH v. Omega Liner Co., Inc.</u>, No. 4:22-CV-04112-KES, 2025 U.S. Dist. LEXIS 52522 (D.S.D. Mar. 19, 2025).

52.    This District Court has jurisdiction under *28 USCS § 1331* to enjoin actions by defendants in violation of *18 U.S.C.S. § 1905*. See, <u>Westinghouse Elec. Corp. v. Schlesinger</u>, 542 F.2d 1190 (4th Cir. 1976).

## SECOND CAUSE OF ACTION
### *26 U.S.C.S § 6103(a)(1)(2)(3)(2)(A)(3)(5)(A)(B)(6)(7)(8)(9)*

53.    The Defendants named above has violated the rights of the Plaintiff E. Scipio; by the irreparable harm and injury caused by knowledge of documentation reported, and the following violations under the color of law; and under same statute and color of law that provides equal protection of same laws; that's afforded to other citizens within the United States, same should be afforded to the Plaintiff E. Scipio; in which damages are afforded, due to such heinous acts, against the Plaintiff E. Scipio.

54.    The Plaintiff E. Scipio argues the following:

55.    *26 U.S.C.S. § 6103(a)* provides that returns and return information generally must be kept confidential and that officers and employees of the United States are precluded from disclosing returns and return information unless specifically authorized by the Code. See, <u>Whistleblower 972-17W v. Commissioner</u>, 159 T.C. 1 (2022).

56.     The confidential information from the Plaintiff E. Scipio 2024 Tax Account and Return information; for Tax year 2024, was unlawfully disclosed to add a fraudulent W-2G that was allegedly reported to Defendant U.S. IRS on May 12, 2025; by the Defendants PA Dept of Revenue and PA State Lottery.

57.     As proven unauthorized disclosure of the Plaintiff E. Scipio U.S. IRS 2024 Tax Account, and the Form W-2G was never reported to Defendant U.S. IRS, as to explain why the Plaintiff E. Scipio nor her Form W-2G could be located nor found within Defendant PA Dept of Revenue nor the PA State Lottery recording and reporting systems.

58.     Due to such disclosure the Plaintiff E. Scipio suffered irreparable harm, as the Plaintiff's E. Scipio, confidential social security number, DOB, was used to establish of a fraudulent Defendant PA State iLottery/eLottery accountas alledged by the PA State Lottery iLottery/eLottery. As alleged the account under Eshawn Scipio, won $3,799.00 on the PA State Lottery iLottery/eLottery game "Premier Jackpot (P)". However, the Plaintiff E. Scipio name could not be located nor found within the list of PA State Lottery iLottery/eLottery winners in August of 2024. The Form W-2G for Eshawn Scipio could not be found nor located within the iLottery/eLottery recording and reporting systems as the rep could not retrieve such Form W-2G.

### THIRD CAUSE OF ACTION
*26 U.S.C.S § 7431(a)(1)(2)(c)(1)(B)(i)(ii)(d)*

59.     The Defendants named above has violated the rights of the Plaintiff E. Scipio; by the irreparable harm and injury caused by knowledge of documentation reported, and the following violations under the color of law; and under same statute and color of law that provides equal protection of same laws; that's afforded to other citizens within the United States, same should

be afforded to the Plaintiff E. Scipio; in which damages are afforded, due to such heinous acts, against the Plaintiff E. Scipio.

60.     The Plaintiff E. Scipio argues the following:

61.     *26 U.S.C.S. § 7431* provides a taxpayer with a private right of action against the United States, where, in violation of *26 U.S.C.S. § 6103*, an IRS employee makes an unauthorized disclosure of the taxpayer's return information. See, <u>Castillo v. United States</u>, No. 21cv00007 (DF), 2022 U.S. Dist. LEXIS 55999, 129 A.F.T.R.2d (RIA) 2022-1254 (S.D.N.Y. Mar. 28, 2022).

62.     The confidential information from the Plaintiff E. Scipio 2024 Tax Account and Return information; for Tax year 2024, was unlawfully disclosed to add a fraudulent W-2G that was supposedly reported by the Defendants PA Dept of Revenue and PA State Lottery; to Defendants U.S. IRS, and U.S. Treasury.  As proven unauthorized disclosure, the Plaintiff E. Scipio nor Form W-2G could be located nor found in Defendant PA Dept of Revenue nor Defendant PA State Lottery nor PA State iLottery/eLottery recording and reporting systems.

63.     Also, including (¶)'s 48, 49, 50, 51, 56, 57; alleged by the Plaintiff E. Scipio, herein and alleged above.

## FOURTH CAUSE OF ACTION
*26 U.S.C.S. § 7434(a)(b)(1)(2)(c)(2)*

64.     The Defendants named above has violated the rights of the Plaintiff E. Scipio; by the irreparable harm and injury caused by knowledge of documents reported, and the following violations under the color of law; and under same statute and color of law that provides equal protection of same laws; that's afforded to other citizens within the United States, same should be afforded to the Plaintiff E. Scipio; in which damages are afforded, due to such heinous acts, against the Plaintiff E. Scipio.

65.    The Plaintiff E. Scipio argues the following:

66.    Under *26 U.S.C.S. § 7434*, a plaintiff must show: (1) the defendant filed an information return on his or her behalf, (2) the return was false as to the amount paid, and (3) the defendant acted willfully and fraudulently, which is equivalent to knowingly or recklessly. See, <u>Doherty v. Turner Broad. Sys., Inc.</u>, 461 U.S. App. D.C. 388, 72 F.4th 324 (2023).

67.    Also, including (¶)'s 48, 49, 50, 51, 56, 57, 61; alleged by the Plaintiff E. Scipio, herein and alleged above.

### FIFTH CAUSE OF ACTION
*28 U.S.C.S. § 1341*

68.    The Defendants named above has violated the rights of the Plaintiff E. Scipio; by the irreparable harm and injury caused by knowledge of documents reported, and by the following violations under the color of law; and under same statute and color of law that provides equal protection of same laws; that's afforded to other citizens within the United States, same should be afforded to the Plaintiff E. Scipio; in which damages are afforded, due to such heinous acts, against the Plaintiff E. Scipio.

69.    The Plaintiff E. Scipio argues the following:

70.    Pursuant to *28 U.S.C.S. § 1341;* enjoinment is not found within the Plaintiff E. Scipio claims, because the Defendant U.S. IRS and Defendant U.S. Treasury alleges that Defendant PA Dept of Revenue and Defendant PA State Lottery; reported Form W-2G, for 2024 Tax Year; for Eshawn Scipio on May 12, 2025; also after the U.S. IRS mandatory deadline of April 15, 2025.

71.    Policies embodied in *28 USCS § 1341* and practical effect of tax refund suit on state tax administration require holding that tax refund suits fall within jurisdictional prohibition of *§ 1341*. See, <u>United Gas Pipe Line Co. v. Whitman</u>, 595 F.2d 323 (5th Cir. 1979).

72.    Consequently, the Plaintiff E. Scipio nor such reported Form W-2G, was located nor could be found within the Defendant PA Dept of Revenue and Defendant PA State Lottery.

73.    Leaving no afforded plain, speedy and efficient remedy for the Plaintiff E. Scipio. Due to the Plaintiff E. Scipio nor Form W-2G, not being located nor found under the same SSN, DOB, Address, and Tax year 2024, as reported Form W-2G; as shown on the Plaintiff E. Scipio's U.S. IRS 2024 Tax Account.

74.    The Defendants PA Dept of Revenue and Defendant PA State Lottery nor iLottery/eLottery; but it has been supposedly reported by the named defendants to the Defendant U.S. IRS and Defendant U.S. Treasury on May 12, 2025.

75.    The Plaintiff E. Scipio has never received any mailed Form W-2G's. The Plaintiff E. Scipio did not request a copy of such Form W-2G until June 2, 2025. Consequently, the Plaintiff E. Scipio nor Form W-2G has been located; nor could be found.

76.    Thus, there's no remedy that could be afforded to the Plaintiff E. Scipio; even pursuant to *28 U.S.C.S. § 1341*; leaving this Honorable District Court to establish, a proper and fair remedy under the color of law; for such violations conducted against the Plaintiff E. Scipio.

77.    Also, including (¶)'s 48, 49, 50, 51, 56, 57, 61; alleged by the Plaintiff E. Scipio, herein and alleged above.

## SIXTH CAUSE OF ACTION
### *42 U.S.C.S. § 1983*

78.    The Defendants named above has violated the rights of the Plaintiff E. Scipio; by the irreparable harm and injury caused by knowledge of documentation reported, and the following violations under the color of law; and under same statute and color of law that provides equal protection of same laws; that's afforded to other citizens within the United States, same should

be afforded to the Plaintiff E. Scipio; in which damages are afforded, due to such heinous acts, against the Plaintiff E. Scipio.

79.    The Plaintiff E. Scipio argues the following:

80.    The Defendant PA Dept of Revenue and Defendant PA State Lottery excluding the iLottery/eLottery; confirmed that the Plaintiff E. Scipio nor Form W-2G; was not located within their recording and reporting systems.

81.    The Plaintiff E. Scipio was discriminated against and deprived of a same right; this is afforded to "white" United States citizens and "white" individuals within the State of Pennsylvania in a same and/or similar constituted situation, of persons who has been and/or can be, located and found; along with their Form W-2G's, after being reported and transmitted to Defendants U.S. IRS and Defendant U.S. Treasury for the 2024 Tax year, for their winnings.

82.    The Defendant PA State Lottery iLottery/eLottery confirmed that an account under "Eshawn Scipio, and SSN"; referring to the Plaintiff E. Scipio; had won a PA State Lottery game called "Premier Jackpot (P)" on August 26, 2024; however, the Plaintiff E. Scipio, name "Eshawn" is not located nor found within the list of winners from the August of 2024; Defendant PA State iLottery/eLottery online game.

83.    The Plaintiff E. Scipio was discriminated against and deprived of a same right; this is afforded to "white" United States citizens and "white" individuals within the State of Pennsylvania in a same and/or similar constituted situation of players who won games in August of 2024, and same players listed as winners of Defendant PA State iLottery/eLottery online games.

84.    Due to the Plaintiff E. Scipio race, she was discriminated against.

19

85.     *42 USCS § 1983* imposes liability only for deprivations or violations of clearly established federal constitutional rights of particular plaintiff. See, <u>Cooper v. Morin</u>, 91 Misc. 2d 302, 398 N.Y.S.2d 36 (Sup. Ct. 1977).

86.     To fill doctrinal interstices of Bivens-type action (that is, cause of action for damages under Fourth Amendment), district court may correctly apply law developed in litigation under *42 USCS § 1983.* See, <u>Sixth Camden Corp. v. Evesham</u>, 420 F. Supp. 709 (D.N.J. 1976).

87.     Cause of action under § 1983 exists under Fourth Amendment if plaintiff can allege facts that tend to show that state actor exceeded bounds of Fourth Amendment. See, <u>Pruett v. Town of Spindale</u>, 162 F. Supp. 2d 442 (W.D.N.C. 2001).

88.     Equal protection claim is actionable under *42 USCS § 1983* even where plaintiff is not member of suspect class or alleges deprivation of fundamental or property right independently cognizable under Fourteenth Amendment. See, <u>Three Rivers Cablevision, Inc. v. Pittsburgh</u>, 502 F. Supp. 1118 (W.D. Pa. 1980).

89.     Federal official is "person" within meaning of *42 USCS § 1983(3)* in conspiring to commit constitutional violation with racially discriminatory animus; federal employee who uses office to commit federal constitutional violation should not be allowed to claim that office as ground for absolute immunity defense. See, <u>Kenyatta v. Moore</u>, 623 F. Supp. 224 (S.D. Miss. 1985).

90. Also, including (¶)'s 48, 49, 50, 51, 56, 57, 61; alleged by the Plaintiff E. Scipio, herein and alleged above.

## SEVENTH CAUSE OF ACTION
*42 U.S.C.S. § 1985(3)*

91.     The Defendants named above has violated the rights of the Plaintiff E. Scipio; by the irreparable harm and injury caused by knowledge of documentation reported, and the following violations under the color of law; and under same statute and color of law that provides equal

protection of same laws; that's afforded to other citizens within the United States, same should be afforded to the Plaintiff E. Scipio; in which damages are afforded, due to such heinous acts, against the Plaintiff E. Scipio.

92.     The Plaintiff E. Scipio argues the following:

93.     Federal officials should be considered "persons" within meaning of *42 USCS § 1985(3)*. See, Founding Church of Scientology, Inc. v. Dir., FBI, 459 F. Supp. 748 (1978).

94.     *42 USCS § 1985* is applicable in cause of action against federal officers where cause of action is grounded on claim of racial discrimination. See, Revis v. Laird, 627 F.2d 982 (9th Cir. 1980).

95.     *42 USCS § 1985(3)* does not require that targets of conspiracy be members of particular racial group, and it is agreement vel non among alleged conspirators to single particular group or class for discriminatory interference with constitutional rights that defines class for purposes of *§ 1985(3)*. See, Hobson v. Wilson, 556 F. Supp. 1157 (1982); also see, Hobson v. Wilson, 237 U.S. App. D.C. 219, 737 F.2d 1 (1984).

96.     *42 USCS § 1985* is not limited to racial discrimination but includes any class-based, invidiously discriminatory animus. See, Founding Church of Scientology, Inc. v. Dir., FBI, 459 F. Supp. 748 (1978).

97.     Two or more persons in PA State conspired to allocate a fraudulent account in the Plaintiff's name that resulted a taxable win, resulting in a Form W-2G. Two or more persons within the U.S government conspired to add a Form W-2G to the Plaintiff's 2024 U.S. IRS Tax Account. By proof, that the Plaintiff E. Scipio nor Form W-2G, could be located nor found; within the Defendant PA Dept of Revenue's nor Defendant PA State Lottery's recording and reporting systems.

98.     Leaving uncertainty of the Defendant PA Dept of Revenue reporting the Plaintiff E. Scipio and Form W-2G to Defendant U.S. IRS; consequently, such information is located and present on the Plaintiff E. Scipio U.S. IRS 2024 Tax Account, under information and documentation reported to Defendant U.S. IRS and Defendant U.S. Treasury.

99.     Due to the Plaintiff E. Scipio race, she was discriminated against.

100.    State officers are liable for conspiracy to violate constitutional rights of plaintiffs, even though acts are actually performed by unqualified or unauthorized officer, if state officers enter into conspiracy with actor. See, <u>Ark. use of Temple v. Cent. Sur. & Ins. Corp.</u>, 102 F. Supp. 444 (W.D. Ark. 1952).

101.    *42 USCS § 1985(3)* was applicable to federal officials acting under color of federal law where conspiracy was motivated by racial animus and was intended to deprive a class of a right. See, <u>Peck v. United States</u>, 470 F. Supp. 1003 (S.D.N.Y. 1979).

102.    Also, including (¶)'s 48, 49, 50, 51, 56, 57, 61, 77, 78, 79, 80, 81, 82, 83, 97, 98; alleged by the Plaintiff E. Scipio, herein and alleged above.

### EIGHTH CAUSE OF ACTION
*USCS Const. Amend. 4; USCS Const. Amend. 14*

103.    The Defendants named above has violated the rights of the Plaintiff E. Scipio; by the irreparable harm and injury caused by knowledge of documentation reported, and the following violations under the color of law; and under same statute and color of law that provides equal protection of same laws; that's afforded to other citizens within the United States, same should be afforded to the Plaintiff E. Scipio; in which damages are afforded, due to such heinous acts, against the Plaintiff E. Scipio.

104.    The Plaintiff E. Scipio argues the following:

22

105.   Fourth Amendment shields society against state action that diminishes personal privacy for symbol's sake. See, Chandler v. Miller, 520 U.S. 305, 117 S. Ct. 1295 (1997).

106.   The Plaintiff E. Scipio had a right to privacy; and that right was violated and deprived due to Michael Warner Battle, current SC Bar licensed attorney, who filed a Motion for Summary Judgment in civil action number 4:23-cv-01223-JD-TER, ECF No. 88. Attached to ECF No. 88, the Defendants Motion for Summary Judgment; was the Plaintiff E. Scipio, and her minor's; Full Name, SSN, and DOB, fully "unredacted and exposed" in ECF No. 88-3, Pg. 13, the Plaintiff E. Scipio HHA Lease.

107.   Due to the unauthorized disclosure of the Plaintiff's E. Scipio, SSN and DOB, her identity was used to not only used to establish a fraudulent PA State Lottery account, under the Plaintiff E. Scipio's name. The Plaintiff E. Scipio identity was also used to falsify a reported Form W-2G document on her U.S. IRS 2024 Tax Account. As the same reported Form W-2G for the Plaintiff E. Scipio, cannot be located nor found within the same Defendant PA State iLottery/eLottery and Defendant PA Dept of Revenue, recording and reporting systems; that the same Defendants PA State iLottery/eLottery and PA Dept of Revenue, has already reported to Defendants U.S. IRS and U.S. Treasury, as alleged to be reported on May 12, 2025.

108.   Security of one's privacy against arbitrary intrusion, is at the core of Fourth Amendment and a basic to free society. See, Mapp v. Ohio, 367 U.S. 643, 81 S. Ct. 1684 (1961).

109.   The Court has recognized where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures. This is so even where the internal procedures are possibly more rigorous than otherwise would be required. See, VITARELLI v. SEATON, 359 U.S. 535, 79 S. Ct. 968 (1959).

110.    Like all other governmental agencies, the IRS must obey the constitution. Whether its enforcement objective is civil or criminal, or both, its agents should not use means that infringe the prohibitions of the fourth amendment against unreasonable searches and seizures of a citizen's papers. See, <u>United States v. Beacon Fed. Sav. & Loan</u>, 718 F.2d 49 (2d Cir. 1983).

111.    To have property interest in benefit, person clearly must have more than abstract need or desire for it and he must have more than unilateral expectation of it; instead, he must have legitimate claim of entitlement to it. See, <u>New Windsor Volunteer Ambulance Corps., Inc v. Meyers</u>, 442 F.3d 101 (2d Cir. 2006).

112.    Protecting "privacy" have in fact involved at least two different kinds of interests. One is the individual interest in avoiding disclosure of personal matters, and another is the interest in independence in making certain kinds of important decisions. See, <u>Whalen v. Roe</u>, 429 U.S. 589, 97 S. Ct. 869 (1977).

113.    The principle, that no person shall be deprived of life, liberty, or property, without due process of law, was embodied, in substance, in the constitutions of nearly all, if not all, of the States at the time of the adoption of the Fourteenth Amendment; and it has never been regarded as incompatible with the principle, equally vital, because essential to the peace and safety of society, that all property in this country is held under the implied obligation that the owner's use of it shall not be injurious to the community. See, <u>Mugler v. Kansas</u>, 123 U.S. 623, 8 S. Ct. 273 (1887).

114.    Property is more than mere things which a person owns. It is elementary that it includes the right to acquire, use and dispose of it. The Constitution protects these essential attributes of property. See, <u>Holden v. Hardy</u>, 169 U.S. 366, 18 S. Ct. 383 (1898).

115.    Property consists of the free use, enjoyment, and disposal of a person's acquisitions without control or diminution save by the law of the land. See, <u>Buchanan v. Warley</u>, 245 U.S. 60, 38 S. Ct. 16 (1917).

116.    Also, including (¶)'s 48, 49, 50, 51, 56, 57, 61, 77, 78, 79, 80, 81, 82, 83, 97, 98; alleged by the Plaintiff E. Scipio, herein and alleged above.

### NINTH CAUSE OF ACTION
*USCS Fed Rules Civ Proc R 5.2*

117.    The Defendants named above has violated the rights of the Plaintiff E. Scipio; by the irreparable harm and injury caused by knowledge of documentation reported, and the following violations under the color of law; and under same statute and color of law that provides equal protection of same laws; that's afforded to other citizens within the United States, same should be afforded to the Plaintiff E. Scipio; in which damages are afforded, due to such heinous acts, against the Plaintiff E. Scipio.

118.    The Plaintiff E. Scipio argues the following:

119.    Under the rule of negligence <u>per se,</u> if a statute is designed to protect a class of persons, in which the plaintiff is included, from the type of harm which in fact occurred as a result of its violation, the issues of the defendant's duty of care to the plaintiff and the defendant's breach of that duty are conclusively established upon proof that the statute was violated. See, <u>Rand v. Travelers Indem. Co.</u>, 637 F. Supp. 3d 55 (S.D.N.Y. 2022).

120.    Hence, if the Plaintiff E. Scipio's PII information was properly filed and redacted. The Plaintiff's PII information would not have been used to establish a fraudulent PA State Lottery account; nor would the Plaintiff's PII information would have been used to add a fraudulent Form W-2G to her U.S. IRS 2024 Tax Account.

25

121.    Also, including (¶)'s 48, 49, 50, 51, 56, 57, 61, 77, 78, 79, 80, 81, 82, 83, 97, 98; alleged

by the Plaintiff E. Scipio, herein and alleged above.

### TENTH CAUSE OF ACTION

*Pa. Const. Art. I, § 11; Pa. Const. Art. I, § 26; Pa. Const. Art. I, § 28; Pa. Const. Art. I, § 29*

122.    The Defendants named above has violated the rights of the Plaintiff E. Scipio; by the

irreparable harm and injury caused by knowledge of documentation reported, and the following

violations under the color of law; and under same statute and color of law that provides equal

protection of same laws; that's afforded to other citizens within the United States, same should

be afforded to the Plaintiff E. Scipio; in which damages are afforded, due to such heinous acts,

against the Plaintiff E. Scipio.

123.    The Plaintiff E. Scipio argues the following:

124.    All courts shall be open; and every man for an injury done him in his lands, goods, person

or reputation shall have remedy by due course of law, and right and justice administered

without sale, denial or delay. However, nothing in the clause limits the right to civil matters.

See, Commonwealth v. Turner, 2010 Phila. Ct. Com. Pl. LEXIS 398.

125.    Pennsylvania's equal protection provision is set forth in Article I, Section 26 of the

Pennsylvania Constitution, is analyzed the same as claims made pursuant to the Fourteenth

Amendment of the United States Constitution. See, Kramer v. Workers' Comp. Appeal Bd.

(Rite Aid Corp.), 584 Pa. 309, 883 A.2d 518 (2005).

126.    The Equal Protection Clause of the Fourteenth Amendment provides that no State shall

"deny to any person within its jurisdiction the equal protection of the laws". U.S. Const. amend.

XIV, § 1. This provision embodies the general rule that "all persons similarly situated should

be treated alike". See, City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 105 S. Ct. 3249

(1985); also see, Carrasca v. Pomeroy, 313 F.3d 828 (3d Cir. 2002).

127.   This Court has employed the same standards applicable to federal equal protection claims. See, Probst v. DOT, Bureau of Driver Licensing, 578 Pa. 42, 849 A.2d 1135 (2004); also see, Heffner Funeral Chapel & Crematory, Inc. v. Dep't of State, Bureau of Prof'l & Occupational Affairs, 824 A.2d 397 (Pa. Commw. Ct. 2003).

128.   All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness. See, Kramer v. Workers' Comp. Appeal Bd. (Rite Aid Corp.), 573 Pa. 32, 820 A.2d 700 (2003).

129.   To treat a woman differently based on a characteristic unique to her sex is to treat her differently because of her sex, which triggers enforcement of Pennsylvania's Equal Rights Amendment. See, Allegheny Reprod. Health Ctr. v. Pa. Dep't of Hum. Servs., 309 A.3d 808 (Pa. 2024); also see, Commonwealth v. Edmunds, 526 Pa. 374, 586 A.2d 887 (1991).

130.   As the Court has stated in re' James v. Se. Pa. Transp. Auth., 505 Pa. 137, 477 A.2d 1302 (1984); analysis of an equal protection claim must begin with a determination of the type of interest at issue. See, Love v. Stroudsburg, 528 Pa. 320, 597 A.2d 1137 (1991).

## DAMAGES

Considering the Plaintiff E. Scipio claims, the unauthorized disclosure of her SSN, correlating to the creation of a fraudulent PA State iLottery/eLottery account, that won earnings in the Plaintiff's name and under her SSN number. Also, relating to the unauthorized access to her U.S. IRS 2024 Tax Account; and the insertion of Form W-2G that was supposedly reported by Defendant PA Dept of Revenue and Defendant PA State Lottery; to Defendants U.S. IRS and U.S. Treasury, on May 12, 2025. Consequently, the Plaintiff E. Scipio nor Form W-2G was located in Defendant PA Dept Revenue and Defendant PA State Lottery recording and reporting systems.

Under the color of federal laws and state laws; the Plaintiff E. Scipio has suffered irreparable harm; in which relief can be demanded and granted by the Plaintiff E. Scipio for compensatory damages, infliction of civil and constitutional deprivation, fraud and identity theft due to unauthorized disclosure of PII and tax return information, recent occurrences after the disclosure of the Plaintiff's SSN in July of 2024.

Emotional distress, economic distress, future infliction of harm from SSN disclosure, and infliction of irreparable harm to the Plaintiff's minors. Fraudulent 2024 reported Tax Form W-2G, allegedly reported on the Plaintiff E. Scipio U.S. IRS 2024 Tax Account on May 12, 2025. However, same Plaintiff E. Scipio nor same Form W-2G could be located; by same reporters Defendant PA Dept of Revenue and Defendant PA State Lottery.

The Plaintiff E. Scipio demands relief in the amount of $250,000,000.00; for the Plaintiff E. Scipio sustained damages, and the sustained damages to her minor children's future irreparable harm; as the violations were conducted by the knowledge, the documentation, the hands, and the actions of the Defendants named here above within this civil action "Complaint".

## OFFICIALS IN OFFICE
### U.S. Government

Under Constitutional law Defendant Bessent, has been clothed under oath to abide by federal laws and the Constitutional laws of the United States, within his individual and official capacity acting as the Secretary of the Treasury, whom also can be held liable for suit, as Secretary of the Treasury for Defendant U.S. Treasury.

Under Constitutional law Defendant Werfel, has been clothed under oath to abide by federal laws and the Constitutional laws of the United States, within his individual and official capacity acting as the Commissioner of Internal Revenue Service, whom also can be held liable for suit, as Commissioner of Internal Revenue Service for Defendant U.S. IRS.

**PA State and Local Government**

**Valid Contractual Agreements Taxes/Lottery**

Under Constitutional law Defendant Browne, has been clothed under oath to abide by PA State Constitutional laws of the United States, within his individual and official capacity acting as the Secretary of Revenue, whom also can be held liable for suit, as Secretary of Revenue for Defendant PA Dept of Revenue.

Under Constitutional law Defendant Browne, has been clothed under oath to abide by PA State Constitutional laws of the United States, within his individual and official capacity acting as the Executive Director, whom also can be held liable for suit, as Executive Director for Defendant PA State Lottery.

By contrast, the First, Second, Fourth, Seventh, and Eleventh Circuits hold that courts should review such agency decisions under the APA's arbitrary and capricious standard. See, <u>Puerto Rico v. United States</u>, 490 F.3d 50 (1st Cir. 2007).

## CONCLUSION

The Plaintiff E. Scipio has a right to privacy, equal protection of federal law and PA state laws, privacy to tax return information, and a right to a speedy remedy that qualifies for Civil Rights and Constitutional violations of federal laws and PA State Constitutional law. The Plaintiff E. Scipio has been discriminated against due to her race and sex as she was not treated the same in similar situated situations as "white" citizens within the United States and as in the State of Pennsylvania.

The Supreme Court and lower courts have adhered to that traditional definition particularly where, as here, "willfulness is a statutory condition of civil liability. See, <u>Safeco Ins. Co. of Am. v. Burr</u>, 551 U.S. 47, 127 S. Ct. 2201 (2007).

29

Actual cause, or cause in fact, requires proof that the wrongful act in fact caused the harm; that is, the plaintiff must prove that but for the wrongful act, the harm would not have occurred. The common maxim that a plaintiff must prove both proximate cause and actual cause to recover damages that are a result of a particular defendant's conduct. See, <u>Jones v. United States</u>, 9 F. Supp. 2d 1119 (D. Neb. 1998).

So, to say that one event was a proximate cause of another means that it was not just any cause, but one with a sufficient connection to the result. See, <u>Paroline v. United States</u>, 572 U.S. 434, 134 S. Ct. 1710 (2014).

A requirement of proximate cause thus serves, *"inter alia"*, to preclude liability in situations where the causal link between conduct and result is so attenuated that the consequence is more aptly described as mere fortuity. See, <u>Exxon Co. v. Sofec</u>, 517 U.S. 830, 116 S. Ct. 1813 (1996).

As articulated by a "widely cited" 1889 English decision: "Fraud is proved when it is shewn that a false representation has been made (1) knowingly, or (2) without belief in its truth, or (3) recklessly, careless whether it be true or false". See, *Restat 2d of Torts, § 526*; also see, <u>McIntire v. McIntire,</u> 14 App. D.C. 337.

Respectfully Submitted,

Eshawn K. Scipio
2759 Welling Farm Rd
Florence, South Carolina                 Darlington, SC 29532
June 9, 2025                              eshawnscip@gmail.com

30