IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eshawn K. Scipio, a/k/a Eshawn Jessica Scipio,<br><br>                Plaintiff,<br><br>vs.<br><br>The United States Department of the Treasury, Scott Bessent, Secretary of the Treasury, in his Individual and official capacity, The United States Internal Revenue Service, Danny Werfel, Commissioner of Internal Revenue Service, in his individual and official capacity, The Pennsylvania Department of Revenue, Pat Browne, Secretary of Revenue, in his official and individual capacity, Pennsylvania State Lottery, Drew Svitko, Executive Director, in his individual and official capacity.<br><br>                Defendants. | Case No.: 4:25-cv-5133-JD-TER<br><br>**ORDER AND OPINION** |

      This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 7), issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Report concerns the Magistrate Judge's initial review of Plaintiff Eshawn K. Scipio a/k/a Eshawn Jessica Scipio's ("Plaintiff" or "Scipio") complaint.[1]

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

### A. Background

The Report sets forth the relevant facts and applicable legal standards, which the Court incorporates herein by reference. In brief, Plaintiff, proceeding *pro se* and *in forma pauperis*, alleges that her identity was stolen and used by an unknown third party to fraudulently claim Pennsylvania lottery winnings, resulting in the reporting of a W-2G form to the Internal Revenue Service. Plaintiff seeks monetary damages against federal and Pennsylvania state agencies and officials.

### B. Report and Recommendation

The Magistrate Judge issued the Report on June 17, 2025, recommending that the Court dismiss the complaint without prejudice and without issuance and service of process. (DE 7.) The Report concludes that Plaintiff failed to establish subject-matter jurisdiction over her claims against all Defendants. Specifically, the Magistrate Judge found that Plaintiff's claims against the federal defendants are barred by sovereign immunity because Plaintiff has not identified a valid waiver permitting suit for monetary damages, has not exhausted required administrative remedies, and seeks relief precluded by the Tax Anti–Injunction Act. The Report further concludes that Plaintiff's allegations do not support jurisdiction under the Federal Tort Claims Act or a *Bivens* theory.

As to the Pennsylvania state defendants, the Report finds that Plaintiff failed to state a claim upon which relief can be granted because the claims are barred by Eleventh Amendment immunity, Plaintiff does not allege personal involvement by the individual defendants, and the alleged injury is attributable to an unknown third party rather than actionable conduct by the named defendants. Based on these

independent jurisdictional and immunity grounds, the Magistrate Judge recommends dismissal of the action in its entirety.

Plaintiff filed objections to the Report on July 1, 2025. (DE 11.)

## C.    Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## D.    Plaintiff's Objections

Plaintiff's objections do not identify any specific factual or legal error in the Magistrate Judge's analysis. Instead, Plaintiff reiterates and reframes arguments concerning subject-matter jurisdiction, sovereign immunity, and alleged statutory and constitutional violations arising from the reporting of a purportedly fraudulent W-2G form. (DE 11.)

Plaintiff first asserts that Article III standing exists and that she has suffered a concrete injury resulting from identity theft and the disclosure of personal information. (*Id*. at 2–3.) Even assuming standing, however, the existence of an injury does not cure the jurisdictional defects identified in the Report. The Magistrate Judge's recommendation rests not on standing, but on the absence of a valid waiver of sovereign immunity and the failure to satisfy statutory prerequisites for suit. Plaintiff's objection does not address those deficiencies.

Plaintiff next contends that sovereign immunity is waived under the Federal Tort Claims Act and related statutes. (*Id*. at 3–4.) As explained in the Report, the FTCA does not apply to claims arising from the assessment or collection of taxes, and Plaintiff does not allege facts bringing her claims outside that statutory exception. Nor does Plaintiff identify any authority permitting a damages action against IRS officials under the circumstances alleged.

To the extent Plaintiff disputes whether the allegedly fraudulent W-2G relates to her actual 2024 tax return, that disagreement does not undermine the Report's conclusions. The Magistrate Judge's jurisdictional analysis does not depend on whether the income was properly attributable to Plaintiff, but on whether a tax has been assessed or collected and whether Plaintiff exhausted administrative remedies—requirements Plaintiff does not plausibly allege she satisfied.

Plaintiff also raises additional allegations concerning privacy violations, identity theft, and purported misconduct by court personnel or third parties. These assertions are either conclusory, raised for the first time in the objections, or directed

at individuals who are not proper defendants in this action. Such arguments do not demonstrate error in the Report's findings or conclusions.

In sum, Plaintiff's objections reflect disagreement with the outcome recommended by the Magistrate Judge but do not identify any error in the analysis supporting dismissal. Accordingly, the objections are overruled.

### E.     Conclusion

After a thorough review of the Report and Recommendation and the record in this case, the Court finds no error. The Court, therefore, adopts the Report (DE 7) and incorporates it herein by reference.

It is, therefore, ORDERED that this action is DISMISSED WITHOUT PREJUDICE and without issuance and service of process.

Plaintiff's Motion for Defendant Name Change (DE 10) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Florence, South Carolina
January 6, 2026

Joseph Dawson, III
United States District Judge

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.